# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of Labor, Plaintiff, | |
| v. | Case No. 3:08-cv-21 |
| JULIE ANDERS, Individually and as Fiduciary of the QUALITY CAULKING Simple IRA Plan, and JEFF ANDERS, Individually and as Fiduciary of the QUALITY CAULKING Simple IRA Plan, QUALITY CAULKING, INC., and the QUALITY CAULKING Simple IRA Plan, Defendants. | Judge Walter H. Rice |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor (the "Secretary"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., filed a Complaint against Defendants Julie Anders, individually and as fiduciary of the Quality Caulking Simple IRA Plan and Jeff Anders, individually and as fiduciary of the Quality Caulking Simple IRA Plan, Quality Caulking, Inc., and the Quality Caulking Simple IRA Plan (the "Plan") alleging that they violated their fiduciary obligations under ERISA with respect to the Plan.

A Default Judgment of injunction, having previously been entered by the Court against Defendant Jeff Anders, now comes Defendant Julie Anders, represented by counsel, having been served and waive answer of the Complaint, hereby admit that this Court has jurisdiction over her and the subject matter of this action.

The Plaintiff and Defendant Julie Anders, have agreed to resolve all matters as alleged in the complaint (except for the imposition by Plaintiff of any penalty pursuant to ERISA §502(1), 29 U.S.C. 1132(1), and any proceedings related thereto), and said parties do now consent to entry of a Consent Order and Judgment by this Court.

The parties agree that, if the Secretary of Labor assesses a penalty pursuant to ERISA §502(1) in connection with the violations alleged in this matter, the "applicable recovery amount" shall include all amounts paid in accordance with this Consent Judgment and Order.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Judgment and Order.

**IT IS THEREFORE ORDERED that:**

1. Defendant Julie Anders is permanently enjoined and restrained from violating the provisions of Title 1 of ERISA.

2. Defendant Julie Anders and Jeff Anders are jointly and severally liable to the Plan for $27,798.84 which represents principal and interest for the time period January 25, 2002 through June 13, 2008. The principal consists of employee withholdings and matching employer contribution. Defendant Julie Anders shall pay $27,798.84 to the Plan on or before March 1, 2009.

3. Defendant Julie Anders, as fiduciary, shall effectuate the termination of the Plan through rollover or distribution of all Plan assets as hereafter provided by March 1, 2009. Within twenty (20) days from the date on which the amounts specified in paragraph 2 herein are restored to the Plan, Defendant Julie Anders shall notify, in writing, each Plan participant or his or her beneficiary of the option of rolling over his or

2

her individual Plan account balance into another qualified retirement plan or taking a lump sum distribution of the account balance. Defendant Julie Anders shall provide each Plan participant or his or her beneficiary with a period of thirty (30) days in which to respond to said notice and, within ten (10) days from receiving the individual Plan participant's or his or her beneficiary's response, make the rollovers or distributions of individual Plan account balances in accordance with the requests of the Plan participants or their beneficiaries. In the event that a Plan participant or his or her beneficiary does not respond within the thirty (30) day period, Defendant Julie Anders shall, within ten (10) days from the expiration of the thirty (30) day period, issue a lump sum payment of that participant's Plan account balance, less applicable income tax withholding, to the participant or beneficiary and shall issue an Internal Revenue Service Form 1099 (IRS Form 1099) to each Plan participant or beneficiary who receives a lump sum distribution pursuant to this Consent Judgment and Order.

4. Defendant Julie Anders agrees to mail or otherwise deliver satisfactory proof that the aforementioned sums were deposited and credited to the Plan participants' accounts to, Regional Director, Cincinnati Regional Office, Employee Benefits Security Administration, Ft. Wright Executive Building, 1885 Dixie Highway, Suite 210, Ft. Wright, Kentucky 41011-2664 (the "Cincinnati Regional Office EBSA") within 10 business days following the deposit and credit to the plan participants' accounts of the aforementioned sums.

5. Defendant Julie Anders shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a distribution. Defendant Julie Anders may rely upon the procedures for locating lost

3

participants that are described in Field Assistant Bulletin 2004-02 of the Department of Labor, Employee Benefits Security Administration and Internal Revenue Service. If, after exhausting these procedures, participants or their beneficiaries cannot be located for the purposes of distribution, Defendant Julie Anders shall promptly notify EBSA at the Cincinnati Regional Office Address in Paragraph 4 herein of the names, last-known addresses and social security numbers of said participants or beneficiaries.

5. Defendant Julie Anders agrees to take no distributions from her own Plan account until all amounts set forth in paragraph 2 are remitted to the Plan.

6. Should Defendant Julie Anders fail to pay $27,798.84 to the Plan as required in paragraph 2 of this Consent Order and Judgment, that amount shall become due and payable immediately by Defendant Julie Anders, and the amount in Julie Anders' Plan account shall be used in whole or part to offset the amount due the Plan with no further notice or demand required by Plaintiff to Defendant.

8. Upon completion of the termination of the Plan, Defendant Julie Anders is permanently enjoined from serving as fiduciary or service provider to any ERISA-covered employee benefit plan.

9. Defendant, Julie Anders agrees that this debt is not dischargeable in bankruptcy.

10. Each party agrees to pay his, her or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

11. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Judgment and Order.

12. Nothing in this Consent Judgment and Order is binding on any government agency other than the U.S. Department of Labor.

Dated: 4-9-09

_____
UNITED STATES DISTRICT JUDGE

The parties hereby apply for and consent to the entry of this Consent Judgment and Order.

FOR PLAINTIFF SECRETARY OF LABOR,

_____  Dated 4-8-09
MARY L. BRADLEY, Esq.
Trial Attorney for Plaintiff
ELAINE L. CHAO, Secretary of Labor
U.S. Department of Labor
881 Federal Office Building
1240 East Ninth Street
Cleveland, Ohio 44199
Telephone: (216) 522-7548
Facsimile: (216) 522-7172
E-mail: bradley.mary@dol.gov

FOR DEFENDANT:

_____  Dated 4-4-09
JULIE ANDERS
Individually, as Fiduciary of the Quality
Caulking Simple IRA Plan and as
officer of Quality Caulking, Inc.
20 Hunters Pointe Drive
Jamestown, Ohio 45335

_____  Dated 4/4/09
JOE COATES
Counsel for Julie Anders  0040476
P. O. Box 2185
Fairborn, Ohio 45324
Phone: (937) 879-4053
Fax: (937)879-3935